**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 11-4395**

—————

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

NICOLAS PEREZ-GARCIA,

             Defendant - Appellant.

—————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:10-cr-00220-TDS-1)

—————

Submitted:  January 9, 2012        Decided:  January 19, 2012

—————

Before NIEMEYER, AGEE, and WYNN, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

Yvette M. Mastin, YVETTE M. MASTIN, P.C., Houston, Texas, for Appellant. Ripley Rand, United States Attorney, Terri-Lei O'Malley, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nicolas Perez-Garcia appeals his conviction, pursuant to a conditional guilty plea, of illegal reentry into the United States, 18 U.S.C. § 1326 (2006). Perez-Garcia contends that the applicable five-year limitations period, 18 U.S.C. § 3282 (2006), began to run in 2001 and had expired well before the indictment was returned in 2010. We affirm.

I

Perez-Garcia, a native of Mexico, was convicted in 1989 of conspiracy to smuggle, transport, and harbor illegal aliens and harboring illegal aliens. He was deported to Mexico in 1992. His fingerprints and signature were placed on the Warrant of Removal, and he was assigned an Alien Number (A-Number). He reentered the United States in 2001 without inspection and without the permission of the Attorney General or his successor, the Director of Homeland Security.

In April 2001, Perez-Garcia's sister, Margarita Garcia-Perez (Margarita), completed an I-130 Petition for Alien Relative on behalf of Perez-Garcia. The petition included some accurate information about Perez-Garcia. However, Margarita did not answer a question concerning whether her brother had "ever been under immigration proceedings," and she responded "none" in a box requesting the defendant's A-Number.

2

A notation on the I-130 petition states that on May 14, 2007, immigration officials completed a check of Perez-Garcia on the Interagency Border Inspection System (IBIS). An internal memorandum, dated May 16, 2007, which noted his status as a previously deported felon, was placed in his Alien Registration File (A-File). On May 23, 2007, U.S. Citizenship and Immigration Services (USCIS) approved the I-130 Petition, meaning that Perez-Garcia was approved to apply for a change of immigration status as a family member of a legal resident. The notation on the I-130 petition, the internal memorandum, and the USCIS approval all contained Perez-Garcia's assigned A-number.

Following Perez-Garcia's arrest on state charges, an Immigration and Customs Enforcement agent interviewed him in Asheboro, North Carolina, on June 1, 2010. The agent took Perez-Garcia's fingerprints and used them to identify Perez-Garcia as the alien who was convicted of an aggravated felony, assigned an A-Number, and deported in 1992.

Perez-Garcia was charged on June 28, 2010, with illegal reentry by a convicted felon, 18 U.S.C. § 1326(a), (b)(2). He moved to dismiss the indictment, claiming that the prosecution was barred by the five-year statute of limitations set forth in 18 U.S.C. § 3282(a). He contended that the limitations period began to run once he was "found" in the

3

United States, and that he was found here in 2001, when his sister submitted the I-130 petition.

At a hearing on the motion, the district court determined that the earliest that federal immigration authorities were aware of Perez-Garcia's presence in this country following his previous deportation was May 2007. The court rejected the defendant's contention that the statute began to run in 2001. The court noted that the I-130 petition was deceptive in two critical respects: Margarita responded "none" to the question about her brother's A-Number; and she failed to answer the question, "Has your relative ever been under immigration proceedings?" Because the indictment was filed within five years of May 2007, the prosecution was not time-barred, and the court denied the motion to dismiss.

Perez-Garcia then entered a conditional guilty plea, reserving the right to appeal the district court's ruling on the motion to dismiss. He was sentenced to fifty-four months in prison.

II

Application of the five-year limitations period to illegal reentry charges brought under § 1326 is a question of law subject to de novo review. United States v. Uribe-Rios, 558 F.3d 347, 351 (4th Cir. 2009). We agree with the district court

4

that the limitations period began to run in May 2007, when immigration officials discovered Perez-Garcia's A-Number and learned that he was a previously deported felon. We reject Perez-Garcia's contention that the period began to run in 2001, when his sister submitted the I-130 form. That form was deceptive for the reasons found by the district court. Without this highly relevant information, law enforcement officials exercising due diligence could not reasonably have been expected, in 2001, to recognize that Perez-Garcia was the same person who had been deported in 1992. Perez-Garcia has not proffered anything that would show otherwise.

We therefore hold that the limitations period began to run in 2007. The indictment, returned in 2010, was filed within the applicable five-year period.


III

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED